NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SARMEN KESHISHIAN, | No. 15-70554 |
| Petitioner, | Agency No. A071-750-125 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2021[**]

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Sarmen Keshishian, a native of Iran and citizen of Germany, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006).  We deny the petition for review.

1.     To support a claim of persecution by private actors, a petitioner must show that the government is "unwilling or unable to control" those actors.  *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir. 2000) (internal quotation marks omitted).  Substantial evidence, including government reports, news articles, and Keshishian's testimony about the police response to his attacks, supports the agency's conclusion that Keshishian did not make that showing in this case.  *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) ("The evidence simply does not compel the conclusion that the German government was unable or unwilling to control those individuals harassing [the petitioner].").  Thus, Keshishian's asylum and withholding of removal claims fail.

2.     Substantial evidence also supports the agency's denial of CAT protection because Keshishian failed to show that it "is more likely than not" he will be tortured "by or . . . with the consent or acquiescence of [the government]" if returned to Germany.  *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009) (internal quotation marks omitted).

The temporary stay of removal remains in place until issuance of the

mandate.

**PETITION FOR REVIEW DENIED.**